ALBERT P. AND PRISCILLA RAE BAXTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baxter v. Commissioner
Docket No. 1251-89
United States Tax Court
T.C. Memo 1990-251; 1990 Tax Ct. Memo LEXIS 270; 59 T.C.M. (CCH) 659; T.C.M. (RIA) 90251; May 23, 1990, Filed Albert P. and Priscilla Rae Baxter, pro sese. Donna Mayfield Palmer, for the respondent. FAY, Judge. FAY
*910 MEMORANDUM OPINION This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) of the Code and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed March 8, 1989. Both parties presented argument at a hearing held by the Court on October 24, 1989. Petitioners were residents of The Woodlands, Texas at the time the petition herein was filed. Respondent *272 issued a notice of deficiency to petitioners by certified mail at their last known address at 131 S. Timber Top Dr., The Woodlands, Texas 77380 on April 7, 1988, as shown by the postmark date stamped on the executed certified mailing list Form 3877. Respondent determined a deficiency in petitioners' income tax in the amount of $ 41,262.60 and also determined certain additions to tax for 1984. The 90-day period for timely filing the petition in this case expired on Thursday, July 6, 1988, which date was not a legal holiday in the District of Columbia. Section 6213(a). The petition in this case was filed with the Tax Court on January 12, 1989, which date is 280 days after the mailing of the notice of deficiency. Under section 7502(a), if the envelope containing the petition bears a United States Postal Service postmark date that falls within the 90-day period and if the other requirements of section 7502 are satisfied, the petition will be deemed timely filed. . The envelope in which the petition herein was received by the Court shows a United States Postal Service postmark date of January 9, 1989, which date is 277 *273 days after the mailing of the notice of deficiency. On these facts, the petition herein was not timely filed under the provisions of either section 6213(a) or section 7502. In order for a taxpayer to invoke the jurisdiction of this Court, there must be both a valid notice of deficiency and a timely filed petition. . Section 6212(a) provides that once the Secretary determines there is a deficiency in income tax, he is authorized to mail a notice of deficiency by certified or registered mail. Section 6212(b)(1) provides that the mailing of the notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. Here, there is no dispute over petitioners' "last known address." Petitioners contend that they did not receive the notice of deficiency mailed to them by respondent on April 7, 1988. However, there is no requirement that the taxpayer actually receive the notice of deficiency prior to the expiration of the statutory 90-day period for filing a timely petition with the Tax Court. , affd. per curiam . *274 A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address." , affg. ; ; . In any event, we do not find petitioners' conjectural explanations for the purported failure of actual delivery persuasive. A United States Postal Service employee testified that his initial attempt to deliver the certified mail at petitioners' residence was unsuccessful. He further testified that there were two notices of delivery attempts of the certified letter at petitioners' residence on the respective dates of April 8 and April 13, 1988, before the certified letter was returned to the Internal Revenue Service on April 23, 1988. We find the testimony of the Postal Service employee credible. Thus, even if it were material, we do not believe that the record supports petitioners' contention. We have concluded above that the notice of deficiency dated April 7, 1988, was valid and, accordingly, the 90-day period for timely *275 filing the petition in this case expired on July 6, 1988. A transmittal letter and a report in the form of an undated and unsigned copy of the 1984 notice of deficiency sent by respondent to petitioners on or about December 5, 1988, do not constitute a notice of deficiency which would allow a timely petition for the year 1984 to be filed within a period of 90 days. It clearly appears that the report reflected a correction of the deficiency shown in the April 7, 1988, notice *911 of deficiency from $ 41,262.60 to $ 35,553. In short, the report merely supplemented the previously sent notice of deficiency and does not constitute a notice of deficiency. See . We conclude on this record that the only valid notice of deficiency for the taxable year 1984 was issued by respondent on April 7, 1988. We further conclude that the petition filed on January 12, 1989, was not timely filed. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction filed on March 8, 1989, will be granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩